# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Tammy Mullins,

    Plaintiff,

v.

Jake Sweeney Automotive,

    Defendant.

Case No. 1:17cv135

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Jake Sweeney Automotive, Inc's Motion for Summary Judgment. (Doc. 4). Plaintiff Tammy Mullins filed a Response (Doc. 7) and Defendant filed a Reply (Doc. 8). Plaintiff was permitted to file a Supplemental Reply (Doc. 9-1), to which Defendant filed a Response (Doc. 10).

### I. BACKGROUND

Plaintiff brings employment discrimination claims against Defendant under the Family Medical Leave Act and Americans with Disability Act.

On September 24, 2014, Plaintiff filed bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky, Case No. 14-21416. On January 22, 2015, the bankruptcy court approved Plaintiff's bankruptcy plan. (E.D. Ky. Case No. 14-21416, Doc. 29).

On February 1, 2016, Plaintiff was informed that she had been terminated by Defendant on January 8, 2016. (Doc. 1, ¶ 14). After Plaintiff learned that her discharge may have been illegal, she notified her bankruptcy attorney that she was pursuing legal action. (Doc. 7-1, Mullins Decl., ¶ 3).

On January 26, 2017, Plaintiff received a Notice of Right to Sue on her claims from the EEOC. On March 2, 2017, Plaintiff filed her Complaint in this Court.

On June 15, 2017, Defendant filed its Motion for Summary on the grounds that Plaintiff lacked standing and that she was judicially estopped from pursuing this action because she had not disclosed the claim to the bankruptcy court. On June 26, 2017, Plaintiff's bankruptcy counsel filed an amended bankruptcy schedule identifying her claim against Defendant. (E.D. Ky. Case No. 14-21416, Doc. 71).

On October 16, 2017, the bankruptcy court entered an order dismissing her bankruptcy for failing to make payments under the plan in a timely manner. (E.D. Ky. Case No. 14-21416, Doc. 74). Plaintiff's debts were not discharged.

## II. ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. Standing

Defendant argues that even though Plaintiff's bankruptcy was dismissed, Plaintiff lacks standing because her employment causes of action are undisclosed property of

her bankruptcy estate.

The Sixth Circuit has explained that the question of whether a debtor or only a bankruptcy trustee has standing to prosecute legal claims related to the bankruptcy estate is "a real-party-in-interest question governed by Rule 17." *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013). However, the Sixth Circuit explained that the better approach is to bypass that analysis – which requires resolving several thorny issues of bankruptcy law – and instead resolve the judicial-estoppel issue. *Id*. Accordingly, the Court will address the judicial-estoppel issue.

### C. **Judicial estoppel**

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). It is "an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990).

The Sixth Circuit has routinely applied the doctrine to bar employment related claims not disclosed in prior bankruptcy proceedings where: "(1) the debtor assumed a position contrary to one [he] asserted under oath while in bankruptcy; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence." *Kimberlin*, 520 Fed.Appx. at 314.

Plaintiff explains that when she filed her petition certifying that she did not have any contingent claims, she did so truthfully, because her claim against Jake Sweeney

3

did not accrue until February 1, 2016. (Complaint ¶ 14, Doc. 1, PAGEID# 3).

However, after Plaintiff was terminated on February 1, 2016 and received a Notice of Right to Sue from the EEOC on January 26, 2017, she filed a second Amended Chapter 13 plan on April 21, 2016. (Doc. 4, Ex. I). Plaintiff did not include this lawsuit in that filing. Even after Plaintiff filed this lawsuit on March 2, 2017, Plaintiff did not amend her bankruptcy schedules. Plaintiff did not notify the bankruptcy court of the omitted claim until after Defendant filed its Motion for Summary Judgment.

In *Bohanan v. Bridgestone/Firestone North American Tire, LLC,* the plaintiffs filed a bankruptcy petition almost two years before filing an employment discrimination lawsuit. *Bohanan v. Bridgestone/Firestone N. Am. Tire, LLC*, 260 F. App'x 905 (6th Cir. 2008). The plaintiffs did not amend their bankruptcy schedules at any time before the defendant filed a motion to dismiss, including when plaintiffs filed a motion to amend their Chapter 13 Plan in the bankruptcy court. *Id.* The Sixth Circuit affirmed the district court's conclusion that the plaintiffs' case must be dismissed. The Sixth Circuit explained that by failing to disclose to the bankruptcy court that the employment discrimination lawsuit was a potential asset, the plaintiffs asserted under oath a position that was contrary to the one asserted in the present lawsuit, and that the bankruptcy court adopted the contrary position as a part of a final disposition." *Id.* at 906. The Sixth Circuit also noted that the plaintiffs had not offered evidence of good faith, or specific allegations that their failure to amend their asset disclosures was the result of inadvertence or mistake. *Id.* The Court sees little to distinguish this case from *Bohanan*. Not only was the timing of events the same, but Plaintiff took minimal affirmative actions to notify the trustee or bankruptcy court of the omitted claim.

Since the bankruptcy system depends on accurate and timely disclosures, the extent of the efforts to correct an omission, together with their effectiveness, is important. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 480 (6th Cir. 2010). In her Declaration, Plaintiff only states that she notified her bankruptcy attorney that she was pursuing legal action on some unspecified date. *Cf. Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 895-97 (6th Cir. 2004) (declining to apply judicial estoppel where evidence showed that debtor notified trustee of claim, asked trustee to pursue the claim on behalf of the estate, moved for a status conference on the claim, and moved to substitute the trustee as plaintiff in the suit). Plaintiff did not notify the bankruptcy court of this lawsuit until after Defendant filed its Motion for Summary Judgment. A debtor may not cure an omission only after it is challenged and still claim good faith. *See Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849, 858-59 (W.D. Tenn. 2005).

Plaintiff points out that the bankruptcy court dismissed her bankruptcy, without granting her a discharge of her debts, for failing to make payments. (Doc. 9-1). However, the Sixth Circuit has held that a bankruptcy court accepts the position of a debtor when it orders the debtor to make payments. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479 (6th Cir. 2010) (citing *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005)). A bankruptcy court also accepts a debtor's position when it extends the application of the automatic bankruptcy stay. *Felix v. Dow Chem. Co.*, No. 2:07-CV-971, 2008 WL 207857, at *5 (S.D. Ohio Jan. 23, 2008). Here, the bankruptcy court granted motions to modify the confirmed plan twice after Plaintiff received her Notice of Right to sue from the EEOC. (Doc. 4, Exs. J, M).

5

Plaintiff argues that even if this Court concludes that she is judicially estopped from pursuing her claims, the bankruptcy trustee should be given an opportunity to join the suit as a real party in interest. In *Stephenson v. Malloy*, 700 F.3d 265 (6th Cir. 2012), the Sixth Circuit joined several other circuits in holding that "a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel." *Id*. at 272. Therefore, even when a debtor fails to disclose the existence of a claim to the bankruptcy court, the trustee may pursue the claim for the benefit of creditors. *Id*. at 271-72. However, now that Plaintiff's bankruptcy has been dismissed, this argument has become moot.

### III. CONCLUSION

Based on the foregoing, Defendant Jake Sweeney Automotive, Inc's Motion for Summary Judgment (Doc. 4) is **GRANTED**. There appearing to be no more matters for decision before this Court, this matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

    *s/Michael R. Barrett*
JUDGE MICHAEL R. BARRETT
United States District Court